IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02043–MSK–KMT

EMPLOYERS MUTUAL CASUALTY COMPANY,

    Plaintiff,

v.

DOWNEY EXCAVATION, INC.,
ROD DOWNEY,
MICHELLE DOWNEY,
MARCUS L. DEAN,
ROBERT M. ARAGON,
LISA L. ARAGON,
DENNIS J. CHILCOTE,
TERRY L. CHILCOTE,
LEWIS HAYES BRISKEY, and
MARY E. BRISKEY,

    Defendants.

# ORDER

    This matter is before the court on Defendants Rod Downey and Michelle Downey's "Motion for a More Definite Statement" (Doc. No. 45 [Mot.], filed December 20, 2010). Plaintiff filed its Response on January 6, 2011. (Doc. No. 56 [Resp.].)

    Defendants seek an order requiring the plaintiffs to provide a more definite statement. A party may move for a more definite statement of any pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Such motions are disfavored in light of the liberal discovery provided under the federal rules and are granted only

when a party is unable to determine the issues requiring a response. *Resolution Tr. Corp. v. Thomas*, 837 F. Supp. 354, 355 (D. Kan.1993). "A motion for more definite statement should not be granted merely because the pleading lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission." *Advantage Homebuilding, LLC v. Assurance Co. of America*, No. Civ. A. 03-2426-KHV, 2004 WL 433914, at * 1 (D. Kan. March 5, 2004). The decision whether to grant or deny such a motion lies within the sound discretion of the court. *Graham v. Prudential Home Mortgage Co., Inc.*, 186 F.R.D. 651, 653 (D. Kan. 1999).

"[A]s long as the defendant has reasonable notice of the plaintiff's contract based claim, the motion for a more definite statement will be denied." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1377 (3d ed. 2004) (gathering cases). In other words, "a more definite statement will be required when 'defendants can only guess as to what conduct [or] contracts an allegation refers.' " *555 M Manufacturing, Inc. v. Calvin Klein, Inc.*, 13 F. Supp.2d 719, 724 (N.D. Ill. 1998) (quoting *Jackson Nat'l Life Ins. Co. v. Gofen & Glossberg, Inc.*, 882 F.Supp. 713, 726 (N.D. Ill.1995)). To survive a Rule 12(e) motion on a contract claim, the plaintiff must recite the relevant agreement, the basic contents of that agreement, and the pertinent parties. *555 M Manufacturing, Inc.*, 13 F. Supp. 2d at 724 (citing *Moore v. Fidelity Fin. Servs.*, 869 F. Supp. 557, 560–61 (N.D. Ill. 1994)).

Plaintiff's Complaint, though short, names the pertinent parties, recites the relevant agreement, and attaches the agreement, along with other pertinent exhibits. (*See* Doc. Nos. 1 and 1-1.) Additionally, the Complaint states that the amount in controversy exceeds the sum

specified by 28 U.S.C. § 1332.  (Doc. No. 1-1, ¶4.)  This court finds that the allegations in the Complaint fairly apprise the defendants of the nature of the claim asserted as required by federal pleading standards of Fed. R. Civ. P. 8.  Though this court takes no position on whether the allegations are sufficient as a matter of law, this court finds Plaintiff's Complaint is sufficient to defeat a Rule 12(e) motion for a more definite statement.  Accordingly, it is

**ORDERED** that the "Motion for a More Definite Statement" (Doc. No. 45) is DENIED.  Defendants Rod Downey and Michelle Downey are ordered to answer the Complaint within fourteen days of the date of this Order.

Dated this 7th day of April, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge