IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-02043-MSK-KMT

EMPLOYERS MUTUAL CASUALTY COMPANY,

    Plaintiff,

v.

DOWNEY EXCAVATION, INC.;
ROD DOWNEY;
MICHELLE DOWNEY;
MARCUS L. DEAN;
ROBERT M. ARAGON;
LISA L. ARAGON;
DENNIS J. CHILCOTE;
TERRY L. CHILCOTE; and
LEWIS HAYES BRISKEY,

    Defendants.

## OPINION AND ORDER DENYING MOTION TO DISMISS

**THIS MATTER** comes before the Court on the Motion to Dismiss and/or Motion for More Definite Statement **(#27)**, filed by Defendants Lewis Hayes Briskey and Mary E. Briskey[1], to which Plaintiff Employers Mutual Casualty Company ("EMC") responded **(#29)**, and the Defendants replied **(#30)**. Having considered the same, the Court **FINDS** and **CONCLUDES** the following.

---

[1] Mary E. Briskey was dismissed from the case on July 14, 2011 pursuant to the parties' stipulation (**#73**).

## I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## II. Background

At issue are the sufficiency of the allegations in EMC's Complaint **(#1)**. EMC alleges that it has issued performance and payment bonds on behalf of Downey Excavation as principal to various obligees in connection with various construction projects. It further alleges that the Defendants executed General Applications and Agreements of Indemnity in favor of EMC; the indemnity agreements are dated March 8, 2006, April 28, 2006, May 4, 2007, and July 2, 2007, and all four agreements are appended to the Complaint. EMC claims that it has incurred unreimbursed losses under the bonds, and may incur additional losses in the future. It asserts that it has made demands on the Defendants for the losses incurred under the bonds pursuant to the indemnity agreements but that Defendants have failed to honor their obligations. EMC asserts a single claim of breach of contract.

Mr. Briskey moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1), arguing that the facts alleged are insufficiently detailed to provide fair notice of the basis of the claims against him or to establish diversity jurisdiction.

## III. Analysis

A complaint may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. There is a strong presumption against dismissal for failure to state a claim under Rule 12(b)(6). *See Cottrell, Ltd. v. Biotrol Int'l, Inc.,* 191 F.3d 1248, 1251 (10th Cir. 1999). However, a claim must be dismissed if the complaint does not contain enough facts to make the claim "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if the complaint contains sufficient

facts for a court to draw an inference that the defendant is liable for the alleged misconduct.  *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *id.* at 556).  Although a plaintiff is not required to include detailed factual allegations in a complaint, the complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" and must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  In reviewing a complaint under Rule 12(b)(6), a court should accept, as true, all well-pleaded facts and construe all reasonable allegations in the light most favorable to a plaintiff.  *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

Rule 12(b)(1) motions to dismiss for lack of jurisdiction typically take one of two forms: (1) facial attacks; and (2) factual attacks.  *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).  A facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint.  *Id*.  In reviewing a facial attack on the complaint, the allegations in the complaint as accepted as true.  *Id*.  In a factual attack, the movant goes beyond the allegations in the complaint and challenges the facts upon which subject matter jurisdiction depends; therefore, the court must look beyond the complaint and has wide discretion to allow documentary and even testimonial evidence under Rule 12(b)(1).  *Id*. at 1003.  Mr. Briskey does not dispute any of the facts alleged and therefore apparently asserts only a facial challenge to EMC's Complaint.

Mr. Briskey seeks dismissal on the grounds that the Complaint does not provide sufficient detail to enable him to prepare a defense.  He seeks further information regarding how, when, where, and what breaches of contract allegedly occurred, specifics about the alleged "unreimbursed losses" and how these amounts were calculated.  Therefore, he claims that EMC has failed to state a claim upon which relief may be granted.  He also claims that he may have a

defense of failure to join a necessary party, lack of jurisdiction, and lack of service of process.

Mr. Briskey's arguments are unavailing. Under Rule 8, a plaintiff must make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The general purpose of Rule 8 pleading requirements "is to give the defendant fair notice of the claims against him without requiring the plaintiff to have every legal theory or fact developed in detail before the complaint is filed and the parties have opportunity for discovery." *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1091 (10th Cir. 1991). The Complaint identifies the agreements upon which EMC contends were breached, the conduct alleged to amount to a breach (failure to indemnify for losses incurred under the bonds), and damages. This is sufficient to show that EMC is entitled to relief and to give Mr. Briskey fair notice of the claims against him. Dismissal, therefore, is not appropriate. In addition, the Court deems it unnecessary for the EMC to provide a more definite statement, which is Mr. Briskey's alternative request, as Mr. Briskey has not shown that he is unable to provide a responsive pleading.

To the extent that Mr. Briskey seeks to assert defenses of failure to join a necessary party, lack of jurisdiction over the necessary party, or lack of service of process, he has provided no detail or legal argument to support his conclusory contentions.[2] Accordingly, the Court will not dismiss the complaint based on these potential defenses.

Finally, Mr. Briskey argues that EMC has not specified in sufficient detail that the

---

[2] In his reply brief, Mr. Briskey notes that the indemnity agreements refer to entities which have not been made a part of the litigation but he again provides no information or argument about why the complaint should be dismissed for failure to include these parties. To the extent that he wishes to preserve this issue, he need only include it as an affirmative defense in his answer. Mr. Briskey's other arguments in his reply brief essentially go to the merits of his defenses and do not demonstrate that EMC has failed to adequately allege facts plausibly showing that it is entitled to relief.

jurisdictional requirements 28 U.S.C. § 1132 are established.[3]  Mr. Briskey again fails to demonstrate that dismissal is warranted.

A federal district court has jurisdiction pursuant to section 1332 if the controversy is between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.  Accepting EMC's allegations as true, EMC shows that there is complete diversity among the parties and that the amount in controversy is met.  As the plaintiff, EMC does not need to prove the amount in controversy at the pleading stage.  "When a case is originally brought in federal court, the plaintiff's claimed amount is presumed to support diversity jurisdiction."  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284 (10th Cir. 2001) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)).  The Court is satisfied that the facts establishing diversity jurisdiction have been alleged.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss and/or Motion for More Definite Statement **(#27)** is **DENIED**.

Dated this 13th day of September, 2011

BY THE COURT:

*/s/ Marcia S. Krieger*

Marcia S. Krieger
United States District Judge

---

[3] EMC alleges that it is an Iowa corporation with its principal place of business in Iowa, that Defendant Downey Excavation is a Colorado corporation with its principal place of business in Colorado, and that the individual defendants are all residents of Colorado.  It further alleges that the amount in controversy "exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. § 1332."